LOUIS BAHLER, complainant-respondent,

*v.*

ROBERT TREAT BATHS, defendant-appellant.

[Submitted October 28th, 1927.    Decided February 6th, 1928.]

Rule 24 of this court, providing that respondents, in order to obtain the dismissal of an appeal from an interlocutory order or decree on the ground that the appeal had not been made within the time limited by law, must give notice of their objection within thirty days after service of the petition of appeal, also provides that the court may dismiss the appeal for the cause aforesaid at any time upon such terms as may be just.    The present appeal is, accordingly, dismissed.

On appeal from the court of chancery.

*Mr. Frank E. Bradner,* for the appellant.

*Mr. Nathan H. Berger,* for the respondent.

The opinion of the court was delivered by

LLOYD, J.

This is an appeal from a series of interlocutory orders made in the court of chancery and which it is claimed were erroneous.    The court had appointed a receiver for the Robert Treat Baths, a corporation, and had made an order directing sale of the property of the corporation free and clear of liens. Both of these orders were appealed to this court.    The first was affirmed, but the order for the sale of the property was directed to be modified so as to provide that the sale should be made subject to the lien of an unchallenged mortgage on the property held by the Franklin Savings Institution.    *100 N. J. Eq. 525.*

Pending the appeal, however, the receiver proceeded to

sell the property in accordance with the order of sale made in the court below, and the sale was confirmed. Subsequently, however, the order of confirmation was modified so as to relieve the purchaser from paying the purchase-money and permitting him to take title subject to the above mortgage and to take credit on a second mortgage held by him on condition that he pay to the receiver the sum of $10,000 to secure the expenses of the receivership and other allowances to be made in the cause. The condition was complied with, the receiver filed his final account and report, the account was approved and the receiver was discharged.

In the meantime orders were made providing for the disposition of the fund paid to the receiver on the sale, and it is from these several orders and the order approving the account and discharging the receiver that this appeal is taken. These orders are all interlocutory and no final order or decree has been made.

It appears from the record that nearly a year elapsed between the making of the first order and the taking of this appeal, and nearly six months elapsed from the making of the last order. Chapter 86, laws 1914, provides that "all persons aggrieved by any order or decree of the court of chancery may appeal from the same or any part thereof to the court of errors and appeals, and all appeals, except from final decree, shall be made within forty days after filing the order or decree appealed from."

Appellant contends that under rule 24 of this court it was incumbent on the respondent to move the dismissal of the appeal, and failing such motion the appeal should not be disturbed, this rule providing that "no respondent shall be entitled to the dismissal of an appeal from any interlocutory order or decree upon the ground that such appeal was not made within the time limited by law, unless he shall within thirty days after the service of the petition of appeal give notice of such objection to the appellant or his solicitor, and shall present the objection to the court at the next term thereafter." Such contention, however, overlooks the concluding portion of the same rule, which provides that it is not to be regarded as interfering with the right of the court to dismiss

an appeal for the cause aforesaid at any time upon such terms as may be just.

The present case is an apt illustration of an abuse which the legislature intended to make impossible. If such abuse were countenanced it would pervert the right of appeal to a degree that would make litigation in the court of chancery interminable. The delinquency here exhibited is of such character as to justify the intervention of the court of its own motion, and the appeal is accordingly dismissed.